UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACK HART,

        Plaintiff,

v.                                    Case No. 8:11-cv-608-T-33TBM

Deputy DANIEL COBIANCO,
Deputy PAUL DOWNEY,
Deputy RANDY BOTASS,
SHERIFF BOB WHITE,

        Defendants.
_____

## **O R D E R**

This cause is before the Court on Defendant former Pasco County Sheriff Bob White's motion to dismiss Plaintiff Hart's 42 U.S.C. § 1983 civil rights complaint (Doc. 12), and Hart's response to the motion to dismiss. (Doc. 19).

For the following reasons, Defendant White's motion to dismiss will be **granted**.

### **INTRODUCTION**

Hart has sued Bob White, former Sheriff of Pasco County, Florida. Subsequent to Hart's initiating this lawsuit, Defendant White retired as Sheriff of Pasco County, Florida, on April 30, 2011, and Chris Nocco was sworn in as Pasco County Sheriff on May 1, 2011.

In his complaint, Hart did not designate the capacity in which he was suing White. However, in his response to the motion to dismiss, Hart states he is suing White "in his individual capacity rather than his official capacity." (Doc. 19 at 1). However, he also

1

states that "White was acting in his official capacity" when the alleged incident occurred.

Under either designation, individual or official, White's motion to dismiss must be granted, because the complaint improperly seeks to hold White liable under a theory of *respondeat superior*.

## BACKGROUND

Hart's complaint alleges that on April 25, 2009, Hart was involved in a confrontation with another individual over a dirt bike. According to the complaint, during this confrontation, Hart was battered by Deputy Sheriffs Cobianco and Downey while Deputy Botass watched. The only allegation concerning the Pasco County Sheriff is that "Sheriff Bob White being the Sheriff of Pasco County is fully responsible for these officers under his command." (Doc. 1 at 8). Hart filed this action against all Defendants alleging excessive force.

## STANDARD OF REVIEW

Because Hart is a *pro se* inmate, the Court may dismiss Hart's Complaint if it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The standard for dismissal for failure to state a claim under § 1915(e)(2)(I3)(ii) is the same standard that governs dismissal under Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass,* 112 F.3d 1483, 1485 (11th Cir. 1997).

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible "when the plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court is not, however, required to accept all the statements in a complaint as true. While the court must accept well-pled facts as true, this requirement does not apply to legal conclusions. *Id* at 1949-50 (citing *Twombly,* 550 U.S. at 555[1]) (The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."). Nor are "unwarranted deductions of fact" in a complaint admitted as true. *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1260 (11th Cir. 2009). Although this plausibility standard "is not akin to" probability, a plaintiff must allege sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). To this end, the complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

## DISCUSSION

### Official Capacity

Hart states that White was acting in his official capacity at the time the incident occurred. Bob White retired as the Sheriff Pasco County on April 30, 2011. Chris Nocco was sworn in as the new Sheriff of Pasco County on May 1, 2011. Sheriff Nocco, therefore, should be substituted for any claim against the Sheriff of Pasco County in an official capacity. *See* Fed. R. Civ. P. 25(d); *Hafer v. Melo,* 502 U.S. 21, 25 (1991).

Hart does not allege that Sheriff White was directly involved in or caused the injury

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

about which Hart complains. Hart only alleges that Sheriff White was responsible for the officers under his command. (Doc. 1 at 8.) This is a quintessential allegation of vicarious liability and is insufficient to support a claim against now Pasco County Sheriff Nocco acting in his official capacity. *Greer v. Hillsborough County Sheriff's Office,* 8:06-cv-213-T-23MSS, 2006 WL 2535050, at *3 (M.D. Fla. 2006) ("*Respondeat superior* imputes to a county sheriff no liability under section 1983 for injury caused by the sheriff's employees.").

Accordingly, to the extent that Hart's statement, "White was acting in his official capacity" might be construed to be a claim against White in his official capacity, Hart's claim again former Pasco County Sheriff White (now Sheriff Nocco) in his official capacity must be dismissed.

### Individual Capacity

Hart's claim against former Sheriff White in his individual capacity must be dismissed for failure to state a claim. "Like municipalities, supervisors cannot be held liable for the acts of employees solely on the basis of *respondeat superior*." *Fundiller v. City of Cooper City.* 777 F.2d 1436, 1443 (11th Cir. 1985). Supervisory liability under § 1983 is only appropriate "either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation" *Keating v. City of Miami,* 598 F.3d 753, 762 (11th Cir. 2010). Hart may establish a causal connection by alleging facts "which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.*

Hart has failed to sufficiently allege a claim against Sheriff White in his individual capacity. Absent from the complaint are even conclusory allegations that Sheriff White

personally participated in the alleged deprivation of Hart's constitutional rights; that Sheriff White directed the other defendants to deprive Hart of his constitutional rights; or that Sheriff White knew that the other defendants would deprive Hart of his constitutional rights and failed to stop them. Again, Hart's sole allegation that Sheriff White is responsible for the officers under his command is nothing more than an allegation of *respondeat superior* liability.

Accordingly, the Court orders:

That Defendant former Pasco Sheriff Bob White's motion to dismiss Plaintiff Hart's 42 U.S.C. § 1983 civil rights complaint (Doc. 12) is granted. The Clerk is directed to enter judgment for Defendant White.

ORDERED at Tampa, Florida, on August 12, 2011.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Jack Hart